UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE B. PENILTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M.E. SPEARMAN, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04573-JCS (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS;**<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. No. 25 |

## INTRODUCTION

Plaintiff alleges that defendants Spearman and Ellis are liable as supervisors for the unsanitary conditions in the pill distribution line at CTF-Soledad. Defendants move to dismiss because plaintiff has failed to allege facts showing liability on the part of defendants. Defendants are correct. The motion to dismiss is GRANTED. The operative complaint is DISMISSED with leave to file an amended complaint on or before **October 22, 2018**.[1]

## DISCUSSION

### A.    Standard of Review

Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss Rule 12(b)(6) should be granted if the complaint does not

---

[1] All parties have consented to magistrate judge jurisdiction. (Dkt. No. 1 at 4; Dkt. Nos. 19 and 20.)

proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

**B.      Legal Claims**

Plaintiff alleges defendants M.E. Spearman, the warden at CTF-Soledad, and G. Ellis, chief medical officer, made him wait in cold and unsanitary conditions for his medications. More specifically, he alleges that from November 2015 to February 2016 he was made to wait for 30 to 90 minutes for his medications in a line outside during wet, cold weather. Not only was it wet and cold, but it was also unsanitary. Inmates who need to inject medications leave blood spots "everywhere," and birds perched above defecate.

He alleges defendants are liable because they occupy supervisory positions. Spearman, according to plaintiff, is "legally responsible for the supervision of subordinate personnel, as well as the [s]afety and [p]rotection of all inmates at that institution." (Dkt. No. 10 at 7.) Ellis is "responsible for the medical care of all inmates at CTF-Soledad Prison," a brief that includes the "[s]upervision, direction, and/or proper training of the medical [s]taff at CTF-Soledad Prison." (*Id.*) He alleges he put these persons on notice by filing a 602 appeal. (Opp. to MTD, Dkt. No. 28 at 3.)

These allegations are insufficient to state a claim that defendants are responsible for the alleged wrongs. There is no respondeat superior liability under section 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Plaintiff's conclusory allegations do not meet these standards. The mere fact that he

2

filed a 602 appeal is not sufficient to show that defendants knew of or participated in the alleged violations. Other persons reviewed the grievance and there is no indication that defendants were made aware of plaintiff's complaints.

Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, *Ashcroft v. Iqbal*, 556 U.S. 662, 675-84 (2009) (noting no vicarious liability under section 1983 or *Bivens* actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability).

In his amended complaint, plaintiff must provide specific facts showing liability on the part of the person(s) he holds responsible. To do this, plaintiff should read and pay close attention to the following. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be <u>individualized</u> and focus on the duties and responsibilities of <u>each individual defendant</u> whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

As the above law shows, it is highly unlikely that plaintiff will be able to state claims against Ellis and Spearman. In his amended complaint, he should direct his attention to those who handled the day-to-day operation of the pill-line and those who refused to let him receive his pills in a manner acceptable to him. Failure to allege specific facts against those persons who are demonstrably liable will result in the dismissal of this action and the entry of judgment in favor of defendants.

3

**CONCLUSION**

Defendants' motion to dismiss is GRANTED. (Dkt. No. 25.) The complaint is DISMISSED with leave to file an amended complaint on or before **October 22, 2018.** The amended complaint must include the caption and civil case number used in this order (16-04573 JCS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate Dkt. No. 25.

**IT IS SO ORDERED.**

**Dated:** September 10, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE B. PENILTON,<br><br>    Plaintiff,<br><br>v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | Case No. 16-cv-04573-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on September 10, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie B. Penilton ID: J21437
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Dated: September 10, 2018

    Susan Y. Soong
    Clerk, United States District Court

    By: *Karen L. Hom*
    Karen Hom, Deputy Clerk to the
    Honorable JOSEPH C. SPERO